IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS MAXWELL, as executor of the Estate of LAWRENCE K. MAXWELL, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-639-MEF |
| | ) | [WO – Publish] |
| E-Z-GO, A DIVISION OF TEXTRON, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on an August 10, 2011 Notice of Removal (Doc. # 1) filed by Defendants E-Z-Go Division of Textron, Inc. ("E-Z-Go") and Textron, Inc. ("Textron") (collectively "the removing Defendants"), and a Motion to Remand (Doc. # 3) filed by Plaintiff Thomas Maxwell.  The issues having been fully briefed, and after careful consideration of the law and the arguments of counsel, the court finds that Plaintiffs' motion to remand is due to be **GRANTED**.

## I.  BACKGROUND

On September 22, 2010, Plaintiff filed suit against E-Z-Go, Textron, Defendant Carts and Buggies, LLC ("Carts & Buggies"), and Defendant Robert Maxwell.  The Complaint (Doc. # 1-1) alleges that Lawrence K. Maxwell (the "Deceased") was driving an E-Z-Go cart ("the Vehicle") allegedly designed, manufactured, and placed into the stream of commerce by E-Z-Go and Textron.  (Compl. ¶ 15.)  The Complaint further alleges that Defendant Carts

& Buggies sold the Vehicle to the Deceased, as well as a lift kit, which was installed by Defendant Robert Maxwell. As the Deceased ascended a hill, the engine stalled, causing the Vehicle to roll backward and overturn, landing on top of and killing the Deceased.

Plaintiff brings wrongful death claims against all Defendants, as well as a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") against Defendants E-Z-Go, Textron, and Carts & Buggies. As to Robert Maxwell, the Complaint alleges that he "undertook or assumed a duty to select a lift kit to modify the right height of the Subject Vehicle[,]" and that he "breached that duty" by "select[ing] a lift kit not suitable for the Subject Vehicle and [by] fail[ing] to follow installation instructions." (Compl. ¶¶ 43-45.)

In the Notice of Removal, Defendants E-Z-Go and Textron allege that Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2) (a personal representative is a citizen of the state of which the deceased was a citizen at the time of the deceased's death). Textron and E-Z-Go are alleged to be citizens of Rhode Island and Georgia, respectively. And although Carts & Buggies and Robert Maxwell are citizens of Alabama, Textron and E-Z-Go contend that their citizenship should be disregarded for purposes of diversity jurisdiction because they are fraudulently joined.

On August 25, 2011, within thirty days of removal, 28 U.S.C. § 1447(c), Plaintiff filed his motion to remand, alleging that the removal is both procedurally defective and that subject matter jurisdiction does not exist as a substantive matter.[1]

---

[1] By timely moving to remand, Plaintiff has preserved the ability to argue that the removal is procedurally defective. *See Exum v. State Farm Fire & Cas. Co.*, No. 3:11cv206,

## II.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Thus, with respect to cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

Even if "on the face of the pleadings, there is a lack of complete diversity, an action may nevertheless be removable if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.*  The courts have recognized three situations in which joinder may be deemed fraudulent: (1) when there is no reasonable possibility that the plaintiff can prove a cause of action against the resident (non-diverse)

---

2011 WL 5155827, at *5 (M.D. Ala. Oct. 31, 2011) (Fuller, J.) (citing and quoting *Lowery v. Ala. Power Co.*, 483 F.3d at 1184, 1213 n.64 (11th Cir. 2007)).

3

defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (non-diverse) defendant. *Id.*; *see also Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). The burden of establishing fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

As to the first type of fraudulent joinder, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a [*reasonable*] *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287; *see also Legg* 428 F.3d at 1325 n.5 (stating that the "potential for legal liability must be reasonable, not merely theoretical" (internal quotation marks omitted)).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). "The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id.* at 1322-23 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## III.  DISCUSSION

**A.**    **Plaintiff's Contentions that the Removal is Procedurally Defective**

    *1.*    ***Non-Unanimous Consent for the Removal***

Plaintiff argues that the removal is procedurally defective because Defendants Carts & Buggies and Robert Maxwell did not consent to and join the notice of removal.  "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (citation omitted).  However, the unanimity rule applies only to defendants properly served or joined in the action.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  A fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal.  *Id.*; *see also Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of [the unanimity] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").  Because Textron and E-Z-Go contend that both Carts & Buggies and Robert Maxwell are fraudulently joined, the removal is not procedurally defective on the ground that it was not unanimous.

## 2.    *"Other Paper" Removal*

Section 1446(b)(3) provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   § 1446(b)(3).   Interpreting § 1446(b)(3)'s predecessor statute, the Eleventh Circuit has stated that "a case becomes removable [as a procedural matter] when three conditions are present:   there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists."   *Lowery*, 483 F.3d at 1213 n.63.

Before determining whether the documents relied upon by Textron and E-Z-Go qualify as "other paper," the Court will first address whether those documents complied with the so-called "'receipt from the plaintiff' rule[.]"   *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *see also Lowery*, 483 F.3d at 1213 (stating that in evaluating the procedural propriety of removal, "the court considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction").[2]   Of course, federal diversity

_____

[2]   The removing Defendants suggest that they "are not 'required' to rely only on information 'authored by the Plaintiff' when removing based on fraudulent joinder."   (Defs.' Resp. Br. 10 (Doc. # 12).)   The removing Defendants argue that *Lowery*'s interpretation of § 1446's procedural requirements only applies to removals based upon the amount in controversy

jurisdiction under § 1332(a) requires both complete diversity and satisfaction of the requisite amount in controversy. *See, e.g., Allapath Servs., Inc. v. Exxon Corp.*, 362 F.3d 739, 762 (11th Cir. 2004). A case does not become "removable" until both conditions are *fully* present. In other words, in the context of two non-diverse defendants, the case does not become removable until it is ascertained that both of the non-diverse defendants are fraudulently joined.

Accordingly, E-Z-Go and Textron contend that it was not until receiving "other paper" relating to Robert Maxwell (the latter of the two non-diverse defendants) that it was "first . . . ascertained that the case . . . [had] become removable." § 1446(b)(3). In proving that Carts & Buggies is fraudulently joined, Textron and E-Z-Go present affidavits from the owners of Carts & Buggies stating that Carts & Buggies has no record of ever selling the Vehicle or lift kit in question. Another subsequent affidavit of one of the owners adds that "Plaintiff's counsel had called him to cancel his deposition because 'he was going to dismiss [Carts & Buggies] from the case.'" (Defs.' Resp. Br. 9.) Plaintiff suggests that these affidavits are non-qualifying documents on which to base a removal "because of the source of those

---

requirement. The removing Defendants cite no authority for this proposition. Section 1446(b)(3) makes no distinction between the procedural requirements for amount in controversy and fraudulent joinder removals. Second, *Lowery* itself does not limit its discussion to removals based upon the amount in controversy. 483 F.3d at 1213 & n.63 (stating that "the documents received by the defendant must contain an unambiguous statement that clearly establishes *federal jurisdiction*" (emphasis added)); *see also Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011) (in reviewing district court's award of attorney's fees and costs under § 1447(c), finding that defendant who removed on the basis of fraudulent joinder lacked an objectively reasonable basis for the removal because it did not comply with § 1446(b)'s procedural requirements).

7

documents[:] none of these [documents] were authored by Plaintiff."  (Pl.'s Reply 9 (Doc.
# 14).)  Although it is true, perhaps,[3] that these affidavits might not *procedurally* support an
"other paper" removal due to their source, the fact is that these documents simply are not
offered as the "other paper" in this case.  Rather, the affidavits are offered as substantive
proof that Carts & Buggies is fraudulently joined.  In other words, despite the rule that the
"other paper" must be received from the plaintiff in order for a removal to be procedurally
proper, nothing limits "the types of evidence that may be used to satisfy" the *substantive*
burden of establishing subject matter jurisdiction.  *Pretka*, 608 F.3d at 755; *see also Legg*,
428 F.3d at 1322-23 (summary judgment-like proceeding for resolving fraudulent joinder
claim).

---

[3] In *Lazo v. US Airways, Incorporated*, an action removed based upon diversity
jurisdiction, defense counsel filed an affidavit attesting to a conversation in which plaintiff's
counsel advised defendant's counsel "that the current settlement demand will be . . . 'well into
seven figures.'"  No. 08-80391, 2008 WL 3926430, at*4 (S.D. Fla. Aug. 21, 2008).  The *Lazo*
court found that the affidavit satisfied *Lowery*'s receipt from the plaintiff rule because the
information memorialized in the affidavit "was provided by plaintiff." *Id.* at *5.  To find
otherwise, the court explained, "would create an unfair rule wherein a defendant would be
permitted to remove an action if a plaintiff made a written demand offer but would be precluded
from seeking removal when a plaintiff made a verbal demand offer." *Id.*  Although it is
explained in the body of this opinion that these affidavits are not the "other paper" on which E-Z-
Go and Textron rely, the rationale offered in *Lazo* would appear to apply in this case.  Plaintiff's
counsel stated orally to one of the owners of Carts & Buggies that Carts & Buggies would be
dismissed from the case, a statement which was memorialized and reproduced in affidavit.  If
Carts & Buggies were the only non-diverse defendant, it would, perhaps, be unfair, under these
circumstances, to prohibit the removing defendants from relying on a statement by the plaintiff
(through counsel) which essentially concedes that the non-diverse defendant is fraudulently
joined. *Cf. Williams v. Litton Loan Serv., LP*, No. 2:10cv951, 2011 WL 521624, at *6 & n.7
(M.D. Ala. Feb. 15, 2011) (Watkins, J.) (declining to follow *Lazo* and "instead adher[ing] to the
plain language of the statute and binding Eleventh Circuit precedent" (quoting former § 1446(b)
and *Lowery*, 483 F.3d at 1213)).

Rather, the "other paper" in this case relates to the second non-diverse Defendant, Robert Maxwell. E-Z-Go and Textron contend that Plaintiff's deposition testimony, taken on July 22, 2011, as well as Plaintiff's designation of expert witnesses, served on Defendants on August 5, 2011, qualify as "other paper" from which it was first ascertained that the case was removable. (Not. of Removal ¶ 21; Defs.' Resp. Br. 10.) Under *Lowery*, the Court must consider whether these two documents – and nothing else – unambiguously establish that Robert Maxwell is fraudulently joined.[4] If they do not, then the removal is procedurally improper and the case is due to be remanded. If they do, then the removal is procedurally proper and the Court may proceed to weigh all of the evidence in support of and against the existence of federal subject matter jurisdiction.

First, Plaintiff's deposition testimony (Doc. # 1-3) qualifies as "other paper" received by the Defendants from Plaintiff. *See Lowery*, 483 F.3d at 1212 & n.62. Plaintiff was asked: "Do you know [of] anything that [Robert Maxwell] did that has caused or contributed to your father's death . . . ?" Plaintiff responded, "No, sir, I do not." (Pl.'s Dep. 36.) Even though Plaintiff's deposition testimony qualifies as other paper received from the Plaintiff,

---

[4] The reality is that evidence that a particular defendant is fraudulently joined rarely, if ever, comes from the plaintiff. Thus, as a practical matter, application of *Lowery*'s procedural rules to fraudulent joinder operates, most of the time, to foreclose any fraudulent joinder removal not based on the initial pleading. Of course, an inquiring defendant usually is able to discover in short order that a non-diverse defendant is fraudulently joined. Such may have been the case here. *See Taylor Newman Cabinetry*, 436 F. App'x at 893-94. Based upon the affidavits of Robert Maxwell and the Carts & Buggies owners, which were evidently freely provided to the removing Defendants and not obtained in the course of discovery, the removing Defendants could have discovered forthrightly, perhaps within the thirty day window after being served with the initial pleading, that the non-diverse defendants were fraudulently joined.

Plaintiff's lack of personal knowledge regarding any potential negligence on the part of Robert Maxwell does not "unambiguously establish" that Robert Maxwell is fraudulently joined or that federal subject matter jurisdiction exists. *Lowery*, 483 F.3d at 1213.

The removing Defendants also put forth Plaintiff's designation of expert witnesses as "other paper." (Doc. # 1-6.) Although the Court is fairly confident that such a document would qualify as "other paper," it too fails to "unambiguously establish" federal subject matter jurisdiction. In the document, Plaintiff's counsel identifies Mr. Stan Andrews, an engineer, who is "expected to testify that the [Vehicle] is defective and unreasonably dangerous because it fails to use reasonable means to adequately protect against the hazard of tip over." (Doc. # 1-6, at 2.) The document goes on to state that Mr. Andrews observed modifications to the Vehicle, specifically a lift kit, which Robert Maxwell, in an affidavit, acknowledged helping to install with the Deceased at the direction of the Deceased.[5] (R. Maxwell Aff. ¶ 3 (Doc. # 1-4); Compl. ¶ 18.) However, Mr. Andrews concludes that "[t]he modifications did not contribute to this accident or [the Deceased's] injuries" because the "hazard existed before the lift kit was installed." (Doc. # 1-6, at 3.) But Mr. Andrews also would testify that "the addition of the lift kit increased the likelihood of a tip over event . . . ."

---

[5] Robert Maxwell also states in his affidavit that "[he] did not select the lift kit that was put on the Subject Vehicle nor was [he] consulted about what type of lift kit to put on the Subject Vehicle." (R. Maxwell Aff. ¶ 3.) Although this affidavit would strongly support a *substantive* finding that Robert Maxwell has been fraudulently joined, it cannot serve to bolster the *procedural* propriety of an "other paper" removal under § 1446(b)(3) due to its source. *Lowery*, 483 F.3d at 1213; *see also Pretka*, 608 F.3d at 761 ("[A] defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." (quoting former § 1446(b)(3))).

10

(Doc. # 1-6, at 3.)  Getting past the Court's own difficulties in attempting to decipher Mr. Andrews's position, his expected testimony may suggest a potential lack of causation between the installation of the lift kit and the Deceased's death.  However, due to Mr. Andrews's conflicting statements on the role that the lift kit may have played in the accident, the expert designation does not unambiguously establish that there is no reasonable possibility that a state court would award relief for Plaintiff against Robert Maxwell.  *See Lowery*, 483 F.3d at 1213; *see also Triggs*, 154 F.3d at 1287; *see also Burns*, 31 F.3d at 1095 (stating that "uncertainties are resolved in favor of remand").  Accordingly, the removal in this case is procedurally defective under § 1446(b)(3) and Plaintiff's motion to remand is due to be granted.[6] [7]

_____

[6]  Because the Court has found that the removal is procedurally defective, § 1446(b)(3), the Court will not address Plaintiff's and Defendants' substantive contentions regarding the existence of subject matter jurisdiction.

[7]  This Court and other courts within the Eleventh Circuit have expressed frustration in both understanding and applying *Lowery*'s procedural requirements.  *See, e.g., Exum v. State Farm Fire & Cas. Co.*, 2011 WL 5155827, at *4-6 (M.D. Ala. Oct. 31, 2011) (Fuller, J.) (published).  As a substantive matter, Robert Maxwell's affidavit strongly suggests that, based upon the current allegations against him, there is no reasonable possibility that a state court would grant relief against him.  Furthermore, Plaintiff's attempt to amend the Complaint post-removal nearly a year after the case commenced (and just weeks before trial was scheduled in state court) to allege an entirely new theory of recovery against Robert Maxwell strikes this Court as "an apparent concession" to that conclusion.  *Henderson v. Goodyear Dunlop Tires N. Am. Ltd.*, No. 3:11cv295, 2011 WL 3503171, at *4-5 (M.D. Ala. Aug. 10, 2011) (Watkins, C.J.) (finding that the plaintiff may not divest the court of jurisdiction by attempting to assert an entirely new theory of recovery post-removal).  Despite the strong indications that Robert Maxwell is, in fact, fraudulently joined, the removing Defendants' failure or inability to comply with § 1446(b)(3)'s procedural requirements is fatal to the removal.  *See Exum*, 2011 WL 5155827 at *6 n.6 (noting that a situation may arise where a case must be remanded despite strong substantive proof of subject matter jurisdiction because of procedural defects under § 1446(b)(3)).

B.    **Costs and Attorney's Fees**

Plaintiff also seeks costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c). The language of the statute, which provides that the "order remanding the case *may* require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," § 1447(c) (emphasis added), makes such an award discretionary. The Supreme Court in *Martin v. Franklin Capital Corporation* explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

546 U.S. 132, 141 (2005) (internal citations omitted).

The Court exercises its discretion to decline to award attorney's fees and costs. Even if the removal was objectively unreasonable as a procedural matter, the unusual circumstances of this case (strong substantive evidence of fraudulent joinder but procedural impropriety under § 1446(b)(3)) do not warrant an award of costs and attorney's fees. *See Martin*, 546 U.S. at 141 (cautioning courts to remain "faithful to the purposes" of awarding fees under § 1447(c) when invoking unusual circumstances to depart from the general rule).

12

**IV. CONCLUSION**

For the reasons set forth above, it is hereby ORDERED that Plaintiffs' Motion to Remand (Doc. # 3) is GRANTED and that this case is REMANDED to the Circuit Court of Bullock County, Alabama.  It is further ORDERED that Plaintiff's motion for costs and attorney's fees (Doc. # 4) is DENIED.  The Clerk of the Court is DIRECTED to effectuate the remand.

DONE this 16th day of February, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE